IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCK HEMP CORP.,

Plaintiff,

v.

ADAM DUNN, RYAN DAVIES, and SHAWN KOLODNY,

Defendants.

OPINION and ORDER

21-cv-408-jdp

---

Plaintiff Rock Hemp Corp. alleges that it purchased 6,000 hemp seeds from defendants Adam Dunn, Ryan Davies, and Shawn Kolody for the purpose of making CBD oil, but the seeds were not of the quality that defendants promised. Specifically, Rock Hemp says that the seeds were not as productive as defendants represented and the seeds' THC levels were higher than permitted under Wisconsin law.

Rock Hemp sued defendants in state court, but defendants removed the case under 28 U.S.C. § 1441 and § 1446. Two competing motions are now before the court. First, Rock Hemp asks the court to remand the case to state court under 28 U.S.C. § 1447(c), contending that removal was untimely for multiple reasons. Dkt. 5. Second, defendants move to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3), contending that the parties' dispute must be resolved in arbitration. Dkt. 16. Alternatively, defendants contend that the complaint doesn't state a claim upon which relief may be granted. *Id.*

Rock Hemp's motion to remand is based on arguments that defendants knew that the case was subject to removal long before the statutory deadline and that they waived their right to remove by filing two motions to dismiss in state court. These are reasonable arguments, but they are inconsistent with circuit law. Rock Hemp's statutory argument relies on documents

that it shared before it filed this lawsuit, but the court may only consider documents received by defendants during the litigation. Rock Hemp's waiver argument fails because the state court never ruled on defendants' motions, and circuit law holds that defendants don't waive their right to remove unless there has already been a decision on the merits in state court. So the court will deny Rock Hemp's motion to remand.

As for defendants' motion to dismiss, the court concludes that all of Rock Hemp's claims are subject to arbitration. Rock Hemp's challenges to the parties' arbitration agreement are either inconsistent with the law or are reserved for the arbitrator. So the court will grant the motion to dismiss. But for clarification, the court observes that the doctrine of forum non conveniens, not Rule 12(b)(3), is the proper procedural mechanism for seeking dismissal when a party fails to comply with an arbitration clause. *See Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 560 (7th Cir. 2021). The conclusion that Rock Hemp must submit its claims to arbitration moots defendants' motion to dismiss for failure to state a claim.

## ANALYSIS

### A. Rock Hemp's motion to remand

There is no dispute that the court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Defendants adequately alleged in their amended notice of removal that Rock Hemp and defendants are citizens of different states and that the amount in controversy is more than $75,000. *See* Dkt. 3 and Dkt. 4. Rock Hemp seeks to remand the case to state court on two other grounds: (1) defendants removed the case after the 30-day deadline in 28 U.S.C. § 1446(b); and (2) defendants waived their right to remove by filing two motions to dismiss in state court.

**1. Statutory deadline**

Under § 1446(b)(1), a defendant generally has 30 days after receiving the complaint to remove an action from state court to federal court. But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In this case, there is no dispute that neither the complaint nor a later-filed amended complaint gave defendants the notice required by § 1446(b)(1) to trigger the 30-day deadline. The pleadings identified Rock Hemp as a citizen of Wisconsin and defendants as citizens of Colorado, but plaintiffs didn't identify an amount in controversy. Rock Hemp did include allegations that the deficiencies in defendants' seeds led to loss of nearly 6,000 pounds of hemp plants, Dkt. 1-1, at 73, ¶¶ 32–33, but information from which one may infer the jurisdictional minimum isn't enough: the plaintiff "must specifically disclose the amount of monetary damages sought" before the clock begins to run. *Walker v. Trailer Transit*, Inc., 727 F.3d 819, 824 (7th Cir. 2013).

Defendants say that they didn't receive the required notice about the amount in controversy until Rock Hemp's lawyer sent an email to defendants' counsel on June 15, 2021, stating that Rock Hemp "can support a damages figure of $250,000." Dkt. 1-2. Defendants filed their notice of removal on June 22, 2021, so the removal was timely under § 1446(b) if June 15 is the date the 30-day deadline began to run.

Rock Hemp doesn't identify a specific date that it believes the deadline was triggered, but it says that the deadline expired long before defendants filed their notice of removal. Rock

Hemp points to a November 2019 letter addressed to defendant Dunn, in which Rock Hemp's counsel states that Dunn "cost Mr. Aberle a quarter of a million dollars for product he could have sold as biomass." Dkt. 7-1.[1] Rock Hemp also cites emails from December 2019 and February 2020 from its counsel to Frank Robinson, who Rock Hemp alleges was representing all of the defendants at the time. Dkt. 7, ¶ 2.[2] For example, in a December 9 email, Rock Hemp's counsel calculated Rock Hemp's damages at $666,500. Dkt. 7-3.

Rock Hemp didn't file its lawsuit in state court until December 2020. But the court understands Rock Hemp to contend that the letter and emails qualify as "other paper[s]" under § 1446(b)(3) and they gave defendants notice of the amount in controversy, so the 30-day deadline was triggered when all the defendants were served with the original complaint in January 2021. In other words, Rock Hemp appears to be asking the court to adopt a rule that service of the complaint triggers the 30-day deadline if the plaintiff communicated to the defendants all the necessary jurisdictional information at any time before the complaint was filed.

Rock Hemp's argument has some common-sense appeal. But even if the court assumes that the letter and emails gave defendants notice of the amount in controversy, Rock Hemp's argument is inconsistent with both case law and the statutory text. The court of appeals has construed § 1446(b) to mean that "the 30–day clock is triggered by pleadings, papers, and other *litigation* materials actually received by the defendant or filed with the state court *during the course of litigation*." *Walker*, 727 F.3d at 825 (emphasis added). *See also id.* at 826 ("[T]he

[1] According to the original complaint, Adam Aberle is the "owner and principal" of Rock Hemp. Dkt. 1-1, at 7.

[2] Robinson isn't representing any of the defendants in this court.

clock commences only when the defendant receives a *post-complaint* pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." (emphasis added)). Under this interpretation, the court can't consider any communications before the lawsuit was filed when determining the deadline under § 1446(b).

Rock Hemp says that *Walker* is "distinguishable" because there was no evidence in that case that the plaintiffs had disclosed their damages to the defendants before the case was filed, as Rock Hemp did. Dkt. 15, at 4. Apparently, Rock Hemp would have the court disregard the quoted language in *Walker* as dicta. But the court will not disregard the quoted language because it follows directly from the text of § 1446(b).

Section 1446(b)(1) and (3) require the defendant to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or, "if the case stated by the initial pleading is not removable, . . . within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, the 30-day deadline is triggered by receipt of the document that provides notice. The references to "the initial pleading" and "an amended pleading" strongly suggest that the phrase "other paper" refers to a document shared after the complaint is filed. This makes sense because pre-suit settlement demands may have little relationship to what a case is actually worth or to the damages that the plaintiff will request in court.

Following Rock Hemp's interpretation of the text of § 1446(b)(3) could lead to absurd results. If "other papers" were read broadly to include documents shared before suit, the removal deadline could be triggered and expired even before there was even a case to remove.

So Rock Hemp asks the court to rewrite the statute so that the defendant must file the notice of removal within 30 days of receiving the complaint if the defendant previously received documents from the plaintiff showing that the jurisdictional requirements are satisfied. That may have been one reasonable approach for Congress to adopt, but it's not the rule embodied in § 1446(b). Rather, the deadline begins to run if the complaint itself provides adequate notice of the jurisdictional requirements or if the defendants later receive a document providing such notice. If a plaintiff wishes to avoid a removal months after the state-court litigation began, the court of appeals has identified a clear course of action: make a specific demand in the complaint. *See Walker*, 727 F.3d at 824.

Defendants removed this case within 30 days of first receiving a litigation document that disclosed the amount in controversy. So Rock Hemp isn't entitled to a remand on the ground that defendants failed to comply with the deadline in § 1446(b).

**2. Waiver**

Rock Hemp contends that defendants waived their right to removal by moving in state court to compel arbitration, or, in the alternative, to dismiss for failing to state a claim. Rock Hemp reasons that seeking a ruling on the merits in state court communicates a defendant's intent to submit to the jurisdiction of that court.

Again, Rock Hemp's argument is not without merit. It has been adopted by some courts, at least when there are no state rules that compelled the defendant to file its motion when it did. For example, in *City of Albuquerque v. Soto Enterprises, Inc.*, the court held "that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a clear and unequivocal intent to submit the case to the state court's jurisdiction, and thus waives removal. . . . [But the court]

will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation." 864 F.3d 1089, 1099 (10th Cir. 2017) (internal quotation marks omitted).

The Court of Appeals for the Seventh Circuit has taken a different approach. In *Rothner v. City of Chicago*, the court held that "instances of waiver are now rare and . . . occur only where the parties have fully litigated the merits." 879 F.2d 1402, 1416 (7th Cir. 1989). In this case, defendants' first motion to dismiss was mooted when Rock Hemp filed an amended complaint, and the second motion was pending when defendants filed their notice of removal. The state court in this case didn't rule on either of defendants' motions, so there was no waiver under *Rothner*.

Relying on *Fate v. Buckeye State Mutual Insurance Co*., 174 F. Supp. 2d 876 (N.D. Ind. 2001), Rock Hemp contends that *Rothner* is "obsolete" because its reasoning rested on a since-revised version of 28 U.S.C. § 1447(c). But that's not accurate. Section 1447(c) is the provision that governs the procedure for remanding a case removed to federal court. At the time relevant to *Rothner*, § 1447(c) provided, "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." *Rothner* considered § 1447(c) primarily for the purpose of determining whether the court of appeals had authority to consider an appeal of a remand order based on the defendant's alleged waiver of its right to remove. That was an issue because remand orders generally aren't appealable under 28 U.S.C. § 1447(d). Citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), the court of appeals noted that "the ban on review in § 1447(d) was to be construed in pari materia with the grounds for remand stated in § 1447(c)." *Rothner*, 879 F.2d at 1405–06. In other words, if the district court relied on a ground for remand that wasn't

authorized by § 1447(c), then the remand was reviewable on appeal despite § 1447(d). Relying again on *Thermtron*, the court of appeals held that "the term 'improvidently' is to be read as noncompliance with the procedural requirements of § 1446" and that "§ 1446(b) cannot be interpreted to authorize remands on the ground of waiver." *Rothner*, 879 F.2d at 1411–12, 1416. For this reason, the district court's remand was reviewable on appeal.

The court of appeals went on to stress that district courts retain authority under the common law to remand cases on grounds such as waiver, a forum-selection clause, or abstention. *Id.* at 1416. But if a district court relies on a common-law ground, the court of appeals may review that order. *Id.*

Section 1447(c) no longer includes the word "improvidently." That provision now states, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). But the amendment to § 1447(c) has no relevance to the task before this court, which is to determine the scope of the waiver doctrine in the context of a motion to remand. In determining that waiver "occur[s] only where the parties have fully litigated the merits," *Rothner* didn't rely on § 1447(c). Rather, the court of appeals considered case law, federal treatises, and the history of § 1446(b). *See Rothner*, 879 F.2d 1402 at 1412–16. The court concluded that the waiver doctrine should be limited because § 1446(b) "set[s] definite time limits which for the most part moot[] the question of waiver." *See id.* at 1415.

The amendment to § 1447(c) didn't abrogate the relevant portion of *Rothner*, so this court has no authority to disregard that case. Because the parties didn't fully litigate the merits Rock Hemp's claims in state court, defendants didn't waive their right to remove.

### B. Defendants' motion to compel arbitration

To prevail on their motion to compel arbitration, defendants must show three things: (1) a valid, written agreement to arbitrate exists; (2) Rock Hemp's claims fall within the scope of that agreement; and (3) Rock Hemp refused to proceed to arbitration in accordance with the agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). The third element isn't in dispute, but the first two are.

#### 1. Valid agreement to arbitrate

There is no dispute that there is an agreement that addresses Rock Hemp's purchase of the hemp seeds at issue and that the agreement includes an arbitration clause. But Rock Hemp contends that there is no valid agreement to arbitrate between the parties for two reasons: (1) defendants aren't parties to the agreement; and (2) the agreement is void because it "was induced by justifiable reliance on a material misrepresentation of fact." Dkt. 19, at 4.

##### a. Parties to the agreement

"The general rule is that only a party to a contract may enforce it." *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis. 2d 404, 605 N.W.2d 620, 622–23 (Ct. App. 1999).[3] Rock Hemp contends that defendants can't enforce the agreement because the agreement is between Rock Hemp and "CBDINC," not defendants. However, its undisputed that "CBDINC" is a not an incorporated business but only a fictious name under which defendants do business. Dkt. 15, at 7 and Dkt. 22, at 1. The authority that Rock Hemp itself cites states that a fictitious name "does not create or constitute an entity distinct from the

[3] Neither sides raises a conflict of law issue, so the court applies Wisconsin law to matters of state law. *See RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.").

person operating the business." *Jacob v. W. Bend Mut. Ins. Co.*, 203 Wis. 2d 524, 537, 553 N.W.2d 800, 805 (Ct. App. 1996). It follows that a person using a fictitious name in a contract is himself the real party to the contract.

The parties don't cite any Wisconsin authority directly addressing the issue, but the general rule in other states is that a "contract entered into under a fictitious name is valid and enforceable" and that "the real entity that uses the fictitious name when entering into the contract is the actual party to the contract." *Premier Finishes, Inc. v. Maggirias,* 130 So. 3d 238, 241 (Fla. Dist. Ct. App. 2013).[4] Some courts recognize an exception to the general rule if the fictitious name "is employed for deceitful or dishonest purposes." *Howells v. Albert*, 37 Misc. 2d 856, 858, 236 N.Y.S.2d 654, 657 (Sup. Ct. 1962). In this case, Rock Hemp alleges that defendants made misrepresentations to induce Rock Hemp into entering the contract, but it doesn't allege that defendants use of the name "CBDINC" was itself fraudulent or that Rock Hemp was induced to enter the contract because of the name.

[4] *See also Lipson v. Herman,* 189 A.D.3d 440, 441, 137 N.Y.S.3d 324, 325–26 (2020) (personal liability could be imposed on individual who entered contract under fictious name); *Alford v. Arbors at Gallipolis*, 2018-Ohio-4653, ¶¶ 21-23, 123 N.E.3d 305, 313–14 (rejecting argument that contract wasn't enforceable because real party to the contract used a fictitious name); *Stemmler v. Goffstein*, 397 S.W.3d 532, 535 (Mo. Ct. App. 2013) ("Contracts entered into under unregistered fictitious names are enforceable against the individual doing business as the fictitious name."); *A to Z Rental Car Ctr. v. Burris*, 714 S.W.2d 433, 436 (Tex. App.—Austin 1986) ("[The] general rule [is] that one who contracts as an agent in the name of a nonexistent or fictitious principal, or a principal without legal status or existence, renders himself personally liable on those contracts."); Restatement (Third) of Agency § 6.04 (2006) ("Unless the third party agrees otherwise, a person who makes a contract with a third party purportedly as an agent on behalf of a principal becomes a party to the contract if the purported agent knows or has reason to know that the purported principal does not exist or lacks capacity to be a party to a contract.").

Because there is no dispute that "CBDINC" is simply a name under which defendants do business, the court concludes that defendants are the real parties to the agreement, and they are entitled to invoke the arbitration clause.

**b. Validity of the agreement**

Rock Hemp contends that the agreement is "voidable and voided" because defendants induced Rock Hemp to enter into the contract with misrepresentations about "the quality and nature of the product being sold." Dkt. 19, at 4. But the Supreme Court has rejected the view that a party can avoid an arbitration clause by contending that the contract as a whole was fraudulently induced. *Prima Paint Corp. v. Flood & Conklin Mfg. Co*., 388 U.S. 395, 404 (1967) ("[T]he statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally."). That is an issue for the arbitrator to decide in the first instance. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006). To avoid an arbitration clause, a party "must show that the arbitration clause itself, which is to say the parties' agreement to arbitrate any disputes over the contract that might arise, is vitiated by fraud, or lack of consideration or assent, . . . that in short the parties never agreed to arbitrate their disputes." *Colfax Envelope Corp. v. Loc. No. 458-3M, Chicago Graphic Comm'ns Int'l Union, AFL-CIO*, 20 F.3d 750, 754 (7th Cir. 1994) (citations omitted). Rock Hemp doesn't challenge the arbitration clause itself, so this argument fails.

**2. Scope of the arbitration agreement**

The arbitration clause in the agreement between the parties states that it applies to "[a]ny dispute arising out of this Agreement." Dkt. 18-2. Rock Hemp contends that the dispute does not arise out of the agreement because "[e]very cause of action in this suit is premised on the fraudulent inducement to contract, not the contract itself." Dkt. 19, at 6. That's inaccurate.

Rock Hemp's amended complaint includes six claims, four of which involve alleged misrepresentation and two of which involve alleged warranty breaches. Dkt. 1-1, at 68.

But even if Rock Hemp were asserting only claims for fraudulent inducement, those claims would fall within the scope of the arbitration agreement. The phrase "arising out of" is an "expansive" clause that "broadly . . . include[s] all manner of claims tangentially related to the agreement, including claims of fraud, misrepresentation, and other torts involving both contract formation and performance." *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 639 (7th Cir. 2002). "In fact, any dispute between contracting parties that is in any way connected with their contract could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). The question isn't whether the claim is based on contract or tort law: "a party may not avoid a contractual arbitration clause merely by casting its complaint in tort." *Id.* at 643.

As already noted, Rock Hemp's fraudulent inducement claims relate to alleged misrepresentations about "the quality and nature" of the seeds that defendants sold to Rock Hemp. Dkt. 19, at 4. That is an issue that arises directly out of the contractual relationship between the parties. *See Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 43, 283 Wis. 2d 555, 586, 699 N.W.2d 205, 219 ("[M]isrepresentations that concern the quality or character of the goods sold are . . . interwoven with the contract."). Any other conclusion would be inconsistent with the holding in *Prima Paint* that the arbitrator must decide questions of fraudulent inducement of a contract. *See Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1035–36 (7th Cir. 2012); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 811 (7th Cir. 2011).

### C. Conclusion

The court concludes that defendants' notice of removal is timely and that Rock Hemp's claims are subject to arbitration. Rock Hemp asks the court to stay rather than dismiss the case, but this court's general practice is to dismiss the case without prejudice if all of the claims are arbitrable. *See Childers v. Menard, Inc.*, No. 20-cv-107-jdp, 2020 WL 5303934, at *4 (W.D. Wis. Sept. 4, 2020); *Employers Ins. of Wausau v. Cont'l Cas. Co*., No. 15-cv-226-wmc, 2016 WL 632642, at *3 (W.D. Wis. Feb. 17, 2016); *Felland v. Clifton*, No. 10-cv-664-slc, 2013 WL 2778967, at *11 (W.D. Wis. July 18, 2013).

This practice is consistent with recent Seventh Circuit decisions stating that "[d]ismissal, not transfer, is the proper remedy" when a party files a lawsuit that is governed by an arbitration agreement. *Dr. Robert L. Meinders*, 7 F.4th at 561 (citing *Hunt v. Moore Bros., Inc*., 861 F.3d 655, 657 (7th Cir. 2017)). In any event, a stay is not an option in a case like this one in which the parties' agreement requires the arbitration to occur outside the district, specifically Colorado. *See* Dkt. 18-2, at 1 ("The arbitration shall be conducted in Denver, Colorado."). In that situation, dismissal without prejudice is the proper remedy because only a federal court in the district where the arbitration occurs can review an arbitration decision. *Faulkenberg,* 637 F.3d at 808 (citing 9 U.S.C. § 4).

ORDER

IT IS ORDERED that:

1. Plaintiff Rock Hemp, Inc.'s motion to remand, Dkt. 5, is DENIED.

2. The motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) filed by defendants Adam Dunn, Ryan Davies, and Shawn Kolody, Dkt. 16, is construed as a motion to dismiss under the doctrine of forum non conveniens and the motion is GRANTED. The case is DISMISSED without prejudice.

3. Defendants' motion to dismiss for failure to state a claim, Dkt. 16, is DENIED as moot.

4. The case is DISMISSED without prejudice. The clerk of court is directed to enter judgment accordingly.

Entered December 7, 2021.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge